\IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DIANNA DAGUE,**

    **Plaintiff,**

    v.                                                     **Civil Action 2:16-cv-1168**
                                                          **Chief Judge Edmund A. Sargus, Jr.**
                                                          **Magistrate Judge Jolson**

**AMERICAN ELECTRIC POWER
COMPANY, INC.,**

    **Defendant.**

## **AGREED PROTECTIVE ORDER**

The parties having agreed to the entry of a protective order, and it appearing to the Court that such an order is necessary, appropriate, and will facilitate discovery, it is hereby ordered that:

1. The parties, or a non-party producing documents or information, may designate as "Confidential Information" any documents, deposition transcripts, or exhibits (or portions of any documents, deposition transcripts, or exhibits) that they believe should be subject to the terms of this Agreed Protective Order. The parties, or a non-party producing documents or information, may designate Confidential Information for which protected status is claimed by stamping or labeling such document "Confidential" on the first page of each document or by any other reasonable means of giving notice of the parties', or the non-party's, intent to claim protected status for the document. Confidential Information:

    (a) Shall be disclosed to no one except the parties (and employees of the parties whose review of the information is necessary to this litigation), their attorneys (including the staff, secretarial, and clerical personnel of such counsel), deponents, trial witnesses, any

experts or consultants retained by the parties who have agreed to abide by the terms of this Agreed Protective Order and have executed the acknowledgement attached as Exhibit A, and the Court, in accordance with Paragraph 3;

      (b)      Shall be maintained in confidence; and

      (c)      Shall be used solely for the purpose of the above-captioned action.

2.      This Agreed Protective Order shall not be deemed to encompass documents or information that was lawfully in a party's possession prior to the filing of the above-captioned action, so long as the party obtained and retained the documents or information without violating any law or then-existing policies of the Defendant.

3.      Where a document or information has been designated as Confidential Information by a party, or a non-party producing documents or information, a party seeking to file that Confidential Information with the Court shall notify the party or non-party that designated it as Confidential Information. The party or non-party that designated the document or information as Confidential Information shall move the Court for leave to authorize the filing of those materials under seal, and, if applicable, propose redactions to the Court that satisfy its interests in protection of the information, within thirty (30) days or else the other party is permitted to file the Confidential Information, subject to the Court's rules on redaction.

4.      At the conclusion of the above-captioned action, by judgment or otherwise, attorneys for any party that received documents designated as Confidential Information may request, in writing, return or destruction of all documents designated as Confidential Information that were shared with staff, secretaries, clerical personnel, deponents, trial witnesses, experts, and consultants, and such individuals are required by this Agreed

Protective Order to return all documents designated as Confidential Information, which were not filed with the Court, to the attorney making such request. Counsel for each party will then return all documents designated as Confidential Information, which were not filed with the Court, and copies thereof, to the producing party or non-party, or destroy all such documents and copies, except that nothing herein shall require any party to return or destroy materials that are, in the judgment of counsel, attorney work product. Any Confidential Information that is not returned because it contains attorney work product shall be destroyed or maintained in confidence consistent with the restrictions in this Agreed Protective Order.

5. Any party, or a non-party producing documents or information, after exhausting reasonable attempts to resolve the matter with opposing counsel without involving the Court, may bring before the Court for ruling thereon, any motion setting forth any problems or difficulties that arise as a result of this Agreed Protective Order, or for the purposes of modifying it, or for an order declaring that information designated as "Confidential Information" by a party, or a non-party producing documents or information, is not confidential. The burden of proving the proprietary nature of a document's or particular information's "Confidential" designation shall be on the proponent of such protection. Until the Court rules on such motion, documents and information designated as Confidential Information shall still remain confidential under the terms of this Agreed Protective Order.

6. Nothing in this Order shall prevent or control the introduction of evidence, which may include Confidential Information, at trial or an open hearing with this Court in this matter. If a party, or a non-party who produced the documents or information, opposes use of Confidential Information at trial, the party, or non-party, opposing its use must file a motion with the Court stating the grounds for exclusion or for limiting use of the Confidential

Information, to which the party seeking to admit the document, or any other party, shall have at least seven (7) days to respond. The Court, at its discretion, may hold an *in-camera* hearing regarding the motion.

7. In the event that it becomes necessary in the judgment of counsel for any party to use or disclose Confidential Information other than as permitted above, such use or disclosure may only be made upon written stipulation of the parties or upon further order of this Court.

IT IS SO ORDERED.

Date: May 16, 2017
/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**AGREED AND ACKNOWLEDGED:**

| /s/ David A. Young | /s/Diane C. Reichwein |
|---|---|
| David A. Young, Esq. (0065551) | Diane C. Reichwein, Trial Attorney (0023140) |
| The Law Firm of David A. Young, LLC | Jamie A. LaPlante (0082184) |
| The Hoyt Block Building | Porter Wright Morris & Arthur LLP |
| 700 West St. Clair Avenue, Ste 316 | 41 South High Street – Suite 3000 |
| Cleveland, OH 44113 | Columbus, OH 43215-6194 |
| Telephone: (216) 621-5100 | Telephone: (614) 227-2000 |
| Fax: (216) 621-7810 | Fax: (614) 227-2100 |
| dyoung@davidyounglaw.com | dreichwein@porterwright.com |
| | jlaplante@porterwright.com |
| *Attorney for Plaintiff* | *Attorneys for Defendant, American Electric Power Service Corporation* |

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Dianna Dague,

    Plaintiff,

v.

American Electric Power Service Corporation,

    Defendant.

Case No. 16-cv-01168

Judge Edmund A. Sargus, Jr.

Magistrate Kimberly A. Jolson

## ACKNOWLEDGEMENT

I, _____ have read the Agreed Protective Order entered in the above-captioned matter, and I understand the contents thereof. I hereby agree to comply with all terms, conditions, and restrictions contained in said Agreed Protective Order regarding the use and disclosure of any materials labeled "Confidential Information" that I have reviewed, or will review, in connection with this matter, and I agree to be subject to the jurisdiction of the U.S. District Court for the Southern District of Ohio, Eastern Division, for enforcement of the Agreed Protective Order.

Dated: _____

Signed: _____